**OLD COLONY TRUST CO. v. CONTINENTAL BANK OF NEW YORK.**

(District Court, S. D. New York. April 1, 1921.)

No. 291.

1. Banks and banking ⬅191—Irrevocable letter of credit is assignable chose in action.

A letter written by a bank, establishing an irrevocable credit for payment for certain merchandise when delivered as therein specified, is a chose in action, assignable by the addressee and enforceable by the assignee, subject only to performance of the conditions therein expressed.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Banks and banking** ☞191—**Letters of credit not to be technically construed.**

 Letters of credit are not to be construed with technical care, and the fact that a bank, which issued an irrevocable letter of credit, did not make a formal promise to pay drafts drawn against the credit, will not relieve it from liability for refusal to honor such drafts.

 At Law. Action by the Old Colony Trust Company against the Continental Bank of New York. On demurrer to complaint. Overruled.

 Breed, Abbott & Morgan, of New York City (Eugene W. Leake, of New York City, of counsel), for plaintiff.

 Myron L. Lesser and Wood, Molloy & France, all of New York City (Francis X. Hennessy, Melville J. France, and Henry P. Molloy, all of New York City, of counsel), for defendant.

 MANTON, Circuit Judge. The plaintiff sues to recover as an alleged holder for value on two drafts, one for $23,100, and the other for $396.48. A special letter of credit was issued on May 20, 1920, by the Continental Bank of New York to the Royal Cocoa Company, and reads as follows:

"The Continental Bank.

"New York, May 20, 1920.

 "Messrs. P. M. Leavitt Co., 106 Wall St., New York—Dear Sirs: As requested by the Royal Cocoa Company, New York, we beg to advise you that we have opened for their account in your favor a credit covering the following purchase: Fifty (50) tons, of 2.240 pounds each, white Java sugar No. 25 D. S. on the following terms:

 "Price: Twenty-one (21) cents per pound net landed weights, duty paid ex dock New York or ex store New York, seller's option.

 "Packing: Sugar to be packed in bags of about two cwt. each.

 "Shipment: From the island of Java during August/September, 1920, seller's option, per steamer or steamers for New York.

 "Terms: Buyer must open at once confirmed irrevocable credit for full amount in favor of seller (P. M. Leavitt Co.) payment to be made against delivery order, or warehouse receipt.*

 "Yours very truly,      F. H. Hornby, Cashier."

*The Continental Bank of New York, F. H. Hornby, Cashier.

 The complaint alleges the diversity of citizenship, the amount involved exceeding $3,000, the issuance of the letter of credit to P. M. Leavitt Company, the assignment thereof, the drawing of drafts by P. M. Leavitt Company on the defendant in favor of the plaintiff for the respective sums; that the plaintiff paid value for the drafts in reliance upon the letter of credit, and that the conditions of the letter of credit were carried out and performed by the plaintiff on behalf of P. M. Leavitt Company; and that on December 27, 1920, the plaintiff presented the drafts, letter of credit, duplicate invoice, and delivery order on the delivery clerk of the steamship which carried the sugar, and the certificate of the collector of customs of the port of New York showing the deposits of the bill of lading. It also alleges that the sugar described in the invoice and delivery order was subject to delivery on the plaintiff's order and due protest of the drafts was made.

 [1] The contention of the defense is that the letter of credit is not

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

negotiable or assignable. The claim is that the Continental Bank of New York never made a contract with the Old Colony Trust Company and that the P. M. Leavitt Company never had a cause of action against the Continental Bank of New York. It is conceded that the letter was a special letter of credit guaranteeing the Royal Cocoa Company payments. The defense claims that this was to no one but P. M. Leavitt Company, and authorized no one but P. M. Leavitt Company to perform the conditions precedent to any obligation of the Continental Bank. This special letter of credit is a chose in action owned by P. M. Leavitt Company. Can it be assigned? If the letter of credit is addressed to a particular person who is thus indemnified, it becomes an available promise in favor of the person making the advance of moneys or goods in accordance with its tenor; and when acted on, and the advance is made in accordance with this promise, a contract is created between the writer of the letter and the one to whom it is addressed or the party who acted upon it. The liability is thus imposed. American Steel Co. v. Irving Nat. Bank (C. C. A.) 266 Fed. 41. By this letter the writer established an irrevocable credit for payment in favor of P. M. Leavitt Company, with the condition that payment was to be made against delivery order or warehouse receipt. Such a contract is not of a personal character. It is in effect a promise to accept the draft, drawn after the conditions of the letter had been fulfilled.

In Coolidge v. Payson, 2 Wheat. (14 U. S.) at page 74, 4 L. Ed. 185. Chief Justice Marshall said:

"The prevailing inducement for considering a promise to accept, as an acceptance is that credit is thereby given to the bill. Now this credit is given as entirely by a letter written before the date of the bill as by one written afterwards. It is of much importance to merchants that this question should be at rest. Upon a review of the cases which are reported, this court is of opinion that a letter written within a reasonable time before or after the date of a bill of exchange, describing it in terms not to be mistaken, and promising to accept it, is, if shown to the person who afterwards takes the bill on the credit of the letter, a virtual acceptance, binding the person who makes the promise."

The object of this letter, which was issued by the bank, establishing an irrevocable credit, was to tell the commercial world that the Royal Cocoa Company had established a fund in the bank of the defendant, which might be drawn against in payment for carrying out the requirements of the contract on the part of P. M. Leavitt Company. Good faith and equity required this. The contracting party, the Continental Bank, thus obligated itself to accept and pay bills or drafts which might be issued against this fund for the merchandise which was sold and delivered, carrying out the terms of the letter and the contract. This is a property right, or a chose in action, which was assignable. The bank might, on behalf of P. M. Leavitt Company, carry out the requirements of the contract in order to be entitled to payment from this fund, established as irrevocable credit. P. M. Leavitt Company could authorize the bank to perform such contract and make such delivery on its behalf.

[2] The action is for payment of the drafts which were not honored, and an omission of a formal promise to pay the drafts does not relieve the defendant from liability on its letter of credit.

"Letters of credit are not to be construed with technical care, because they are generally drawn by merchants and are often loose in their structure and form." Daniel on Negotiable Instruments, § 1755; American Steel Co. v. Irving Nat. Bank, supra.

Plaintiff was a bona fide holder for value, according to the allegations of the complaint, and the defendant should be held responsible.

The demurrer is overruled, with leave to the defendant to answer within 20 days.